CC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMON PICKENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 6467 |
| | ) |
| KANE COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

Ramon Pickens ("Pickens") has utilized the printed form of Complaint made available by the Clerk's Office to prisoner plaintiffs who claim violations of their constitutional rights, charging the "Kane County Jail" with conduct that he contends is actionable under 42 U.S.C. § 1983 ("Section 1983"). Because Pickens has exhibited a blithe disregard for virtually every requirement of such a lawsuit, this Court's initial screening under 28 U.S.C. § 1915A(a)[1] calls for the immediate sua sponte dismissal of both the Complaint and this action. But because Pickens cannot escape scot-free from burdening the justice system in this fashion, some added explanation is included here.[2]

For one thing, the "Kane County Jail" is not of course a suable entity. Although that flaw might possibly be cured through the choice of a proper target as a defendant, at this point Pickens has failed to state a claim in any legitimate sense. And that alone justifies a threshold dismissal.

---

[1] All further references to provisions of Title 28 will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[2] This Memorandum Order will deliberately eschew any substantive analysis of Pickens' several assertions, except to note that it would trivialize Section 1983 to consider those of his assertions that appear to stem from hypochondria rather than from any serious constitutional deprivation.

Next and importantly, Pickens has neither paid the $350 filing fee nor sought the special type of in forma pauperis treatment that is provided for prisoner litigants under the terms of Section 1915 -- terms that enable a prisoner plaintiff to go forward without the advance payment of the entire filing fee, but at the cost of having to pay that full filing fee in future installments. Accordingly, in the absence of Pickens' prompt payment of the full $350 up front (a payment that he seems unlikely to be able to make), he is ordered under Section 1915(a)(2) to file an In Forma Pauperis Application (copies of which are being sent to him with a copy of this memorandum order) together with a certified copy of his trust fund account statement showing all deposits and withdrawals during the 6-month period that ended August 10, 2014.[3] If Pickens was also in custody at any institution other than the Kane County Jail during that time frame, he must submit all certified statements that encompass the entire 6-month period.

Lastly, Pickens provides no showing at all as to his exhaustion of all administrative remedies, which 42 U.S.C. § 1997e(a) makes a precondition to any such prisoner lawsuit. But because non-exhaustion is an affirmative defense even though the statute makes it a precondition to suit, the current dismissal is not based on that omission at all.

In summary, Section 1915A(b)(1) calls for dismissal of both the Complaint and this action, and this Court so orders. Finally, this dismissal counts as a "strike" under the provisions of Section 1915(g).

_____
Milton I. Shadur
Senior United States District Judge

Date: August 22, 2014

---

[3] That's the day that Pickens noted as his having signed the Complaint.

2