# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **RAMON PICKENS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 6467 |
| | ) | |
| **KANE COUNTY JAIL,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Rather than rehashing the history of this prisoner lawsuit that this Court dispatched at the outset because of (1) its fatal substantive deficiencies and (2) plaintiff's noncompliance with the provisions of 28 U.S.C. § 1915 applicable to prisoner litigants, this opinion simply attaches copies of this Court's earlier memorandum orders dated August 22 and October 2, 2014. This memorandum order is prompted by the surprising (and quite inexcusable) failure of the personnel at the Kane County Jail to comply with the payment obligations imposed by the October 2 order. Although it should scarcely be necessary to direct any governmental agency to comply with a court order, that appears to be required here.

Again the official at the Kane County Jail (whether or not carrying the "financial officer" label) is ordered to remit the amount specified in the October 2 order to this District Court forthwith, with the transmittal reflecting this case's name and number to facilitate recordkeeping at this end. That payment should be addressed in the following way:

Office of the Clerk
United States District Court
219 South Dearborn Street
Chicago IL 60604

Attention: Fiscal Department.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 16, 2014

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **RAMON PICKENS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 6467 |
| | ) | |
| **KANE COUNTY JAIL,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Ramon Pickens ("Pickens") has utilized the printed form of Complaint made available by the Clerk's Office to prisoner plaintiffs who claim violations of their constitutional rights, charging the "Kane County Jail" with conduct that he contends is actionable under 42 U.S.C. § 1983 ("Section 1983"). Because Pickens has exhibited a blithe disregard for virtually every requirement of such a lawsuit, this Court's initial screening under 28 U.S.C. § 1915A(a)[1] calls for the immediate sua sponte dismissal of both the Complaint and this action. But because Pickens cannot escape scot-free from burdening the justice system in this fashion, some added explanation is included here.[2]

For one thing, the "Kane County Jail" is not of course a suable entity. Although that flaw might possibly be cured through the choice of a proper target as a defendant, at this point Pickens has failed to state a claim in any legitimate sense. And that alone justifies a threshold dismissal.

---

[1] All further references to provisions of Title 28 will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[2] This Memorandum Order will deliberately eschew any substantive analysis of Pickens' several assertions, except to note that it would trivialize Section 1983 to consider those of his assertions that appear to stem from hypochondria rather than from any serious constitutional deprivation.

Next and importantly, Pickens has neither paid the $350 filing fee nor sought the special type of in forma pauperis treatment that is provided for prisoner litigants under the terms of Section 1915 -- terms that enable a prisoner plaintiff to go forward without the advance payment of the entire filing fee, but at the cost of having to pay that full filing fee in future installments. Accordingly, in the absence of Pickens' prompt payment of the full $350 up front (a payment that he seems unlikely to be able to make), he is ordered under Section 1915(a)(2) to file an In Forma Pauperis Application (copies of which are being sent to him with a copy of this memorandum order) together with a certified copy of his trust fund account statement showing all deposits and withdrawals during the 6-month period that ended August 10, 2014.[3] If Pickens was also in custody at any institution other than the Kane County Jail during that time frame, he must submit all certified statements that encompass the entire 6-month period.

Lastly, Pickens provides no showing at all as to his exhaustion of all administrative remedies, which 42 U.S.C. § 1997e(a) makes a precondition to any such prisoner lawsuit. But because non-exhaustion is an affirmative defense even though the statute makes it a pre-condition to suit, the current dismissal is not based on that omission at all.

In summary, Section 1915A(b)(1) calls for dismissal of both the Complaint and this action, and this Court so orders. Finally, this dismissal counts as a "strike" under the provisions of Section 1915(g).

_____
Milton I. Shadur
Senior United States District Judge

Date: August 22, 2014

---

[3] That's the day that Pickens noted as his having signed the Complaint.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **RAMON PICKENS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 6467 |
| | ) | |
| **KANE COUNTY JAIL,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM ORDER</u>

This Court's brief August 22, 2014 memorandum order ("Order") dismissed both the

Complaint and this action instituted by pro se prisoner plaintiff Ramon Pickens ("Pickens").  But

because Pickens' fatal substantive deficiencies were accompanied by his failure either to pay the

$350 filing fee up front or to seek the special type of in forma pauperis treatment that 28 U.S.C.

§ 1915 ("Section 1915") provides for prisoner litigants, the Order also transmitted an In Forma

Pauperis Application to Pickens for his execution and submission, and it also ordered that he also

provide to this Court a certified copy of his trust fund account statement showing all deposits and

withdrawals during the six-month period that had ended August 10 (see Section 1915(a)(2)).

Pickens has not responded to the Order's directives at all, but he cannot thus escape the

statutory burden imposed by Congress on litigants in his situation.  Accordingly the financial

officer at the Kane County Jail is ordered to remit to this District Court forthwith, as an initial

partial filing fee, an amount equal to 20% of the average monthly deposits to Pickens' trust fund

account there during the six-month period that ended August 10, 2014 (or during such lesser

period as Pickens was in custody at that institution) (see Section 1915(b)(1)(A)) plus 20% of any

Attachment 2

amounts deposited in that account from August 14 through September 30, 2014.  That amount is to be collected from Pickens' trust fund account and to be paid directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention:  Fiscal Department

After such payment the trust fund officer at Kane County Jail (or at any other correctional facility where Pickens may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Pickens' name and the 14 C 6467 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this order to the Kane County Jail trust fund officer.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 2, 2014